Anahita Hasheminejad, Esq. (SBN 239688)
Law Office of Anahita Hasheminejad, PLC
2152 Dupont Dr., Suite 280
Irvine, CA 92612
Telephone: (949) 260-8420
Facsimile: (888) 421-2230

Attorneys for Plaintiff Sakura Rent A Car, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sakura Rent A Car, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>IZMO DIGITAL, INC.; IZMO, INC.; DOES 1 to 10 inclusive,<br><br>Defendants. | Case No.: 26-cv-13389<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Complaint Filed:<br>Trial Date: None Set |

Plaintiff SAKURA RENT A CAR, INC. ("PLAINTIFF"), based on information and belief, state as follows for this complaint:

## NATURE OF THE ACTION

1. This is an action for declaratory relief arising from Defendant IZMO DIGITAL INC.'s ("IZMO DIGITAL"), assertions of ownership of over twenty-nine stock images of motor vehicles which have are part of compilations of images registered by defendant IZMO, INC. with the United States Copyright Office, accusations of Copyright Infringement, and demands for a five-figure payment with threats of federal litigation  and threats to pursue statutory damages of up to $150,000 per image.
2. A real, immediate, and substantial controversy exists because Defendant IZMO DIGITAL has sent cease-and-desist notices accusing Sakura of infringing twenty-nine images, asserting sixty-eight alleged "infringements" of those twenty-nine (29) images, and threatening to file suit in federal court unless Sakura pays Defendant a demanded $87,000.00.
3. A real controversy exists because the twenty-nine images are counted individually by IZMO DIGITAL in their demand, whereas several of them are actually part of compilations of images under one registration and would constitute one work pursuant to 17 U.S.C. §504, however IZMO DIGITAL has claimed each image would constitute a separate item infringed upon.
4. A Real controversy exists because IZMO DIGITAL is not the registered owner of the alleged infringed copyrighted images and the image compilations were

registered by IZMO, INC. as the real owner, therefore it is unclear whether IZMO DIGITAL has the legal right to pursue claims and make demands on Plaintiff and other small business owners like Plaintiff pertaining to alleged copyright infringement of IZMO, INC.'s copyrighted images.

5. Defendants' demand of $3,000.00 per image allegedly infringed is unreasonable and bears no relationship to any actual damages that Defendants could recover in an action if the action were viable and not barred statutorily. Plaintiff alleges that Defendant makes the same demand of $3,000.000 per image on other similarly situated small businesses in an attempt to extort funds from those small businesses.

6. Plaintiff is informed and believes that Defendant IZMO DIGITAL has issued substantially identical demand packages to numerous other small businesses across the United States for the alleged infringement of IZMO INC.'S images, each containing a cease and desist letter, a list of alleged infringements, a flat per-image demand for payment purportedly a "settlement demand", a threat to seek statutory damages of $150,000 per infringement, and wiring instructions included in the demand for payment to be made.

7. Plaintiff denies any infringement, denies any willfulness, disputes ownership as asserted by Defendants, disputes the existence of any actionable copying or copyright infringement, disputes that Defendants are entitled to any recovery of

actual damages, Statutory Damages, or Attorney's fees, and seeks a judicial declaration confirming its rights under federal law.

8. Plaintiff seeks a judicial declaration confirming its rights under federal law, prior to filing of an action by Defendants against Plaintiff.

**PARTIES**

9. Plaintiff SAKURA RENT A CAR, INC. is a California corporation with its principal office in Los Angeles County, California. Plaintiff is an independently owned rental car company in the county of Los Angeles with a business address of 5250 W. Century Blvd, Suite 100, Los Angele, California 90045.

10. Plaintiff incorporated in California in 1998.

11. Defendant IZMO DIGITAL, INC. is a Delaware corporation with its principal place of business and headquarters in San Francisco, California. Plaintiff is informed and believes that IZMO DIGITAL corresponds from the email address legal@izmocars.com.

12. Defendant IZMO, INC. is a Delaware corporation with its principal place of business and headquarters in San Francisco, California.

13. Plaintiff is informed and believes that defendants IZMO, INC. and IZMO CARS are affiliated entities that share the same office, personnel, legal department, and assert claims for the same copyrighted images despite only one of them having copyright registered the images.

14. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's alleged damages were proximately caused by those Defendants. Each reference in this complaint to "defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

15. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOES took part in and participated with Defendants in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff and the participated with Defendants in all matters referred to herein including the accusations, demands, and threats directed at Plaintiff.

16. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified,

consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a) because this case arises under the federal Copyright Act, 17 U.S.C. §101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2022.

18. Venue is proper within this judicial district under 28 U.S.C. § 1391(b)(2) because the defendants are corporations that reside and conduct business in the State of California, transact business with entities and persons within Los Angeles County and make demands to businesses in the County of Los Angeles; Venue is proper in this District because the accusations made by Defendant against Plaintiff's business (events or omissions giving rise to Plaintiff's claim) pertain to Plaintiff's business and website which is utilized for business conducted in Los Angeles County, in the State of California. Venue is also property in this District because the Defendants' demand letter which gave rise to this action was delivered to Plaintiff in Los Angeles, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Defendant's Accusations*

19. Plaintiff is a small, independently operated rental car business which rents passenger vehicles to the public in Los Angeles, California.

20. Plaintiff maintains a website, www.sakura-rentacar.com and a Facebook page at https://www.facebook.com/sakurarentacar/.

21. Plaintiff's website posts images of vehicle to identify the type of vehicles available in different classes of vehicles for rent, and did not post photos of the actual vehicles being rented by Plaintiff. The images were no of a product being sold by Plaintiff, and Plaintiff did not charge its customers for viewing the images.

22. On September 29, 2026, IZMO, INC. sent a detailed Cease & Desist Letter ("IZMO LETTER") to Plaintiff accusing Plaintiff of:

   a. Unlicensed use of twenty-nine (29) photographic images,
   b. Sixty-eight (68) alleged infringements,
   c. "Willful" infringement,
   d. Violations entitling Defendant to statutory damages, profits, and attorneys' fees.

23. The IZMO LETTER also demanded that Plaintiff provide to defendant "an accounting of all uses of the Images, including the identification of all uses of the Images, in all media and all formats…."

24. The IZMO LETTER demanded a total settlement amount of $87, 000.00 calculated at $3,000.00 per image allegedly infringed. Plaintiff is informed and believes and thereon alleges the exact same demand was made by Defendants against the Plaintiff in case number 26-cv-09518-FLA-SK which is filed in this District and currently pending.

25. The IZMO LETTER also alleged that IZMO DIGITAL reserved the right to pursue claims against individuals who personally participated in, authorized, or directed the infringing conduct, and demanded that Plaintiff identify all parties involved in creation of any works using the images.

26. Defendant expressly threatened suit and stated that absent payment within ten business days, it would be "left with no choice but to seek judicial intervention of the federal courts."

***Plaintiff's Position***

27. Plaintiff did not sell, license, or distribute the images allegedly owned by IZMO, INC. as a product for sale, and did not earn revenue or profit from the images.

28. Plaintiff is informed and believes and thereon alleges that Plaintiff was not aware that the images placed on its website and/or used on its Facebook page were

owned by Defendants, and that Plaintiff was informed and believed that the persons creating or updating Plaintiff's website in or about September of 2023 informed Plaintiff that the images were obtained from vehicle dealers.

29. Plaintiff alleges that any alleged claim for infringement if any would have accrued in September of 2023 when Plaintiff's website was updated, and is therefore statutorily barred.

30. Plaintiff did not intentionally infringe on any copyrighted image or intentionally used Defendant's photographic or digital images, and did not intentionally violate Copyright laws.

31. Plaintiff alleges that as soon as Plaintiff was made aware that the images on its website and Facebook page were copyrighted by IZMO, INC., Plaintiff removed all such images.

32. On October 29, 2026 Plaintiff's counsel communicate with representatives of DEFENDANTS, and informed them that there was a dispute as to the number of alleged infringements, that the list of 29 images allegedly infringed were actually images constituting duplicated or triplicated copyrighted compilations, and that the Plaintiff believed that any copyright infringement claim was barred by the Statute of Limitations.

33. Plaintiff is a corporation and believes that Defendants have threatened personal liability in order to pressure Plaintiff to pay its demanded funds.

34. Plaintiff asserts that Defendants intentionally misrepresent, misconstrue, and misapply copyright law in order to pressure small business owners and extort money from those business owners.

35. Plaintiff asserts that Defendants could have determined whether their copyrighted images were used by Plaintiff or posted by Plaintiff within the three year statute of limitations period by running the same or similar software or artificial intelligence tools to determine which websites contained Defendants' images, but failed to do so, or failed to pursue their alleged claims in a timely manner therefore those claims are barred statutorily.

36. Plaintiff is informed and believes and thereon alleges that Defendants make a business of threatening small businesses with copyright infringement after learning of Defendants' images being posted on the business' websites by performing computerized or software automated/artificial intelligence tools to search the internet for their images, and then send demand letters threatening litigation even after the statute of limitations have passed, and citing to Copyright laws in order to frighten small business owners into making immediate payment. Plaintiff alleges that Defendants' conduct constitutes a misuse of copyright law, and abuse of the legal system.

37. Plaintiff asserts that there is a controversy in existence as to the application of Copyright law to the disputed images and whether the use of each image and

each instance of use is actionable or whether the images which are part of one compilation would constitute one infringement, the application of the statute of limitations and when the alleged infringement "accrued", the standing of IZMO DIGITAL to assert claims for images copyrighted by IZMO INC., and whether any infringement which occurred was willful.

38. Plaintiff expects that Defendants will commence legal action against Plaintiffs for alleged copyright infringement, or continue to threaten Plaintiff with filing of an action if Plaintiff does not pay the moneys demanded.

39. These threats create a substantial and immediate controversy requiring judicial resolution.

40. Plaintiff denies infringing any copyrighted works.

41. Any images that may have appeared on Plaintiff's website were:

a. licensed by third-party platforms, or
b. publicly distributed automotive stock images, or
c. used de minimis,
d. used incidentally,
e. used under an implied license,
f. used in a manner constituting fair use,
g. or used in reliance on representation by third parties.

42. Furthermore, many of the alleged uses—if they occurred—occurred more than three years before the 2026 IZMO LETTER and are barred by the Copyright Act's statute of limitations.

43. Plaintiff seeks judicial resolution before Defendant files a federal infringement suit.

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT (28 U.S.C. § 2201-2202)

**(Against All Defendants)**

44. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

45. Defendant contends Plaintiff infringed twenty-nine copyrighted works.

46. Plaintiff denies the allegations made by Defendants.

47. An actual controversy exists requiring judicial determination.

48. Plaintiff seeks the following declarations, adjudications, and determinations:

   a. A declaration that all time-barred uses cannot give rise to liability, and how the accrual date is calculated for the claims asserted by Defendants.

   b. A declaration that Plaintiff did not infringe any alleged copyrighted work.

c. A declaration that Plaintiff did not commit willful infringement and/or had no reason to believe that their website or alleged use of Defendants' photos constituted copyright infringement.

d. A declaration that Plaintiff and its principals are not personally liable.

e. A declaration that any alleged uses were licensed or impliedly licensed.

f. A declaration that any alleged uses constitute fair use.

g. A declaration that any alleged uses were de minimis.

h. A declaration that pursuant to 17 U.S.C §103 and 17 U.S.C. §504 or any other applicable law, use of the various images included in each compilation that is registered under the registration numbers included in the IZMO LETTER constitute one potential infringement claim per compilation registered rather than one individual claim per image or per use.

i. A Declaration that as to any of the alleged instances of infringement, pursuant to 17 U.S.C §103(b), the copyright protection only extends to the material contributed by Defendants and does not extend to pre-existing material.

j. A declaration that Defendant is barred from enforcement due to misuse.

k. A Declaration that IZMO DIGITAL is barred from pursuing claims of infringement for images copyrighted by IZMO, INC.

l. Attorneys' fees and costs as authorized by law, including per 17 U.S.C. §505.

m. Such other declarations according to proof.

n. A Declaration that statutory damages may not be multiplied by the number of alleged instances of infringement (infringing acts), web pages, or social media platform posting for the same images.

o. A declaration that Defendants have not sustained any actual damages, and that Plaintiff realized no profits attributable to any alleged infringement within the meaning of 17 U.S.C. §504(b).

p. A declaration that an alleged infringement which is actionable and not time-barred was innocent pursuant to 17 US.C. §504(c)(2).

q. A declaration that Defendants are not entitled to injunctive relieve or other relief.

r. A declaration that Defendants are not entitled to an accounting of Plaintiff's uses or identification of third parties as demanded in the IZMO LETTER.

49. A declaration from the Court is necessary to adjudicate the rights of each party as it relates to the alleged infringement.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For a judicial determination, order and judgment that Plaintiff did not infringe any alleged copyrighted work.
2. For a judicial determination, order and judgment that Plaintiff did not commit willful infringement.
3. For a judicial determination, order and judgment that Plaintiff and its principals are not personally liable.
4. For a judicial determination, order and judgment that any alleged uses were licensed or impliedly licensed.
5. For a judicial determination, order and judgment that any alleged uses constitute fair use.
6. For a judicial determination, order and judgment that any alleged uses were de minimis.
7. For a judicial determination, order and judgment that all time-barred uses cannot give rise to liability.
8. For a judicial determination, order and judgment that Defendant is barred from enforcement due to misuse.
9. Award of attorneys' fees and costs as authorized by law.

10. For such other and further relief as this Court may deem just and proper.

Date: _________________ /s/Anahita Hasheminejad/

Anahita Hasheminejad, Esq.